UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| **FREESTYLE BRANDS, LLC,** | |
| Plaintiff, | Case No. |
| v. | |
| **EVORA COMPANIES LLC and EVORA JEWELRY CO., LLC,** | **Hon.** <br> **Magistrate** |
| Defendants. | |

**COMPLAINT AND JURY DEMAND**

Plaintiff Freestyle Brands, LLC ("Freestyle" or "Plaintiff") for its Complaint against Evora Companies LLC and Evora Jewelry Co., LLC (collectively, "Evora" or "Defendants") alleges as follows:

## I.     NATURE OF ACTION

1. This is a complaint for trademark infringement, unfair competition, and dilution against Defendants for their unauthorized use of Plaintiff's trade dress.

2. Defendants, without authorization and with knowledge of Plaintiff's prior rights, commenced the use of confusingly similar trade dress in connection with the same or virtually identical products.

3. Plaintiff brings this action in order to prevent consumer confusion in the marketplace and protect its valuable intellectual property assets.

4. Accordingly, this is an action for trademark infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), common law infringement under the laws of the State of Texas, and Federal Trademark Dilution.

## II.    THE PARTIES, JURISDICTION, AND VENUE

5. Plaintiff is a limited liability company organized under the laws of Delaware with a principal place of business at 2701 E State Highway 121, Suite 650, Lewisville, Texas 75056.

6. Upon information and belief, Defendant Evora Companies LLC is a limited liability company organized and existing under the laws of the State of Arizona, located at 1738 South Gilmore Circle, Mesa, Arizona 85206.

7. Upon information and belief, Defendant Evora Jewelry Co. LLC is a limited liability company organized and existing under the laws of the State of Arizona, located at 1738 South Gilmore Circle, Mesa, Arizona 85206.

8. This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiff's claims under Texas law.

9. This Court has general personal jurisdiction over Defendants as they do continuous and systematic business in this district. The Court has specific personal jurisdiction based on Defendants' sale of goods that infringe on Plaintiff's trade dress within this district, causing injury to Plaintiff in this state and district.

10. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. § 1391(b) and (c).

### III. FACTUAL BACKGROUND

**A. Plaintiff and its Trademark Rights**

11. Plaintiff repeats and realleges the allegations set forth above as if fully set forth herein.

12. For more than 40 years, long prior to the acts of Defendants herein, Plaintiff and its predecessors in interest, have sold watches under the name SHARK that bear a distinctive and well-known design in the United States and throughout the world. Examples of this trade dress is depicted below:

 

13. Plaintiff's trade dress encompasses one or more of the following features: (1) a plastic rectangular watch case in various colors having the corners at an angle; (2) a separate plastic rectangular bezel also having the corners at an angle in various colors, attached to the watch case with visible screws at the corners of the bezel; (3) a pattern or solid color on the face of the watch between the digital display and the bezel; (4) a rectangular digital display; (5) pushers on the sides of the case having contrasting colors; (6) a rectangular outline with rounded corners around the digital display, with a break in the rectangle bearing the brand name of the watch; (7) the watch allowing for readily changing the watch strap and bezel; (8) a flexible fabric watch strap in various colors attached to the watch case; and (9) a unique band closure. This trade dress shall be referred to herein as the "Freestyle Shark Trade Dress."

14. The Freestyle Shark Trade Dress is distinctive, non-functional, and serves to identify to consumers that the origin of the watches is Plaintiff.

15. Plaintiff and its predecessors have exclusively and continuously offered watches bearing the Freestyle Shark Trade Dress in commerce throughout the United States for over forty years.

16. Plaintiff has expended considerable time, effort, and expense in advertising and promoting the Freestyle Shark Trade Dress and the goods associated with these names.

17. Since its introduction, Plaintiff has invested very significantly in the marketing of its products under its Freestyle Shark Trade Dress through a variety of means, including television advertising, various types of print advertising, dealer promotions, consumer promotions, the Internet, and in other ways customary to the trade.

18. As a result of Plaintiff's efforts, consumers have come to identify and recognize the Freestyle Shark Trade Dress as an indicator of the source of Plaintiff's Shark watches.

19. The Freestyle Shark Trade Dress has become well-known and widely recognized by consumers in the State of Texas and throughout the United States to indicate the source of Plaintiff's Shark watches. The Trademark and Trade Dress are famous.

20. As a result of Plaintiff's extensive usage and promotion of the Freestyle Shark Trade Dress, Plaintiff has developed valuable goodwill and strong common-law rights in the Freestyle Shark Trade Dress.

21. Plaintiff's Freestyle Shark Trade Dress is an intangible asset of substantial commercial value.

B.   **Defendants and their Infringing Activities**

22. Plaintiff repeats and realleges the allegations set forth above as if fully set forth herein.

23. Defendants distribute jewelry and watches in Texas, including in this District, and throughout the U.S. Upon information and belief, Defendants acted in active concert or participation with respect to all the acts described herein.

24. Defendants' watches contain the Freestyle Shark Trade Dress including: (1) a plastic rectangular watch case in various colors having the corners at an angle; (2) a separate plastic

rectangular bezel also having the corners at an angle in various colors, attached to the watch case with visible screws at the corners of the bezel; (3) a pattern or solid color on the face of the watch between the digital display and the bezel; (4) a rectangular digital display; (5) pushers on the sides of the case having contrasting colors; (6) a rectangular outline with rounded corners around the digital display, with a break in the rectangle bearing the brand name of the watch;  (7) the watch allowing for readily changing the watch strap and bezel; (8) a flexible fabric watch strap in various colors attached to the watch case; and (9) a unique band closure. These similarities are shown in the image below, with the numbers corresponding to the list set forth above:



25. Defendants' watch design is a knock-off reproduction, copy, or colorable imitation of the Freestyle Shark Trade Dress

26. Defendants' unauthorized commercial use of its watch design is likely to cause confusion, or to cause mistake, or to deceive consumers and potential consumers of Plaintiff and Defendants as to the affiliation, connection, or association of Defendants with Plaintiff, or as to origin, sponsorship or approval of Defendants' goods, or commercial activities of Plaintiff.

5

27. Defendants' unauthorized use of its confusingly similar watch design falsely indicates to the purchasing public that Defendants, their business, and their goods or services originate with Plaintiff, or are affiliated, connected, or associated with Plaintiff, or are sponsored, endorsed, or approved by Plaintiff, or are in some manner related to Plaintiff or its goods and services.

28. Defendants' unauthorized use of its confusingly similar watch design falsely designates the origin of Defendants' goods, and falsely or misleadingly describes and represents facts with respect to Defendants and their goods.

29. Defendants' unauthorized use of its confusingly similar watch design enables Defendants to trade on and receive the benefit and goodwill built up at great labor and expense by Plaintiff, and to gain acceptance for Defendants' goods based on the reputation and goodwill of Plaintiff, its goods, and the Freestyle Shark Trade Dress.

30. Defendants' unauthorized use of its confusingly similar watch design enables Defendants to palm off its goods on the unsuspecting public as those of Plaintiff.

31. Defendants' unauthorized use of its confusingly similar watch design removes from Plaintiff the ability to control the nature and quality of goods and services associated by consumers with its marks, and places the valuable reputation and goodwill of Plaintiff in the hands of Defendants, over whom Plaintiff has no control.

32. As a result of Defendants' unauthorized use of its confusingly similar watch design, Defendants are being unjustly enriched at the expense of Plaintiff and the public.

33. Defendants have damaged Plaintiff's goodwill and reputation and are continuing to damage Plaintiff's goodwill and reputation by their illegal acts. Unless Defendants are restrained

by this Court, Defendants will continue to cause irreparable injury to Plaintiff and the public for which there is no adequate remedy at law.

34. Plaintiff first notified Defendants that their watches infringed the Freestyle Shark Trade Dress on or around August 14, 2023 via a letter from Plaintiff's counsel to Defendant.

35. Defendants responded to this letter on August 22, 2023 requesting additional details regarding the Freestyle Shark Trade Dress.

36. On November 27, 2023, Plaintiff's counsel sent a letter to Defendants' counsel setting forth in detail the basis for Plaintiff's infringement claim. This letter included the direct comparison of the parties' products that is set forth above.

37. On February 22, 2024, Defendants' counsel sent a letter to Plaintiff's counsel representing that it would be changing the design of its watches.

38. Despite Defendants' representations in February 2024 that it would be changing the design of its watches, to date Defendants have failed to do so.

39. Defendants' continued infringing conduct and blatant disregard for the Freestyle Shark Trade Dress leaves Plaintiff no choice but to file the instant lawsuit to protect its rights.

40. Moreover, Defendants' adoption of its confusingly similar watch design was done willfully and wantonly.

41. As discussed above, Defendants' have had actual knowledge of Plaintiff's claim since at least August 14, 2023, yet Defendants have persisted in their infringement.

42. Defendants' advertising is also targeted towards Plaintiff's consumers. For example, an influencer named Avery Cyrus had long been a fan of Plaintiff's watches. On or around June 3, 2023, Defendants sent Ms. Cyrus their watch. Ms. Cyrus subsequently posted a

TikTok video on the Defendants' account saying that "@evoracompany may have just replaced the og." This video can be found at:

https://www.tiktok.com/@evorawatches/video/7240616346969541930?%20lang=en.

43. Defendants' also bragged about the similarity of their watches to the Freestyle Shark Trade Dress. For example, on February 2, 2022, Defendants posted a video on TikTok with writing on the video stating "these watches look exactly like shark watches." This video can be found at:

https://www.tiktok.com/@evorawatches/video/7067278144994217262?lang=en&q=evora%20watch%20vs%20shark&t=1687188174042.

44. The foregoing shows that Defendants' intended to trade off Plaintiff's goodwill and reputation it has built through over forty years of continuous and exclusive use of the Freestyle Shark Trade Dress.

45. People on social media have even noted the similarities between the parties' products. For example, in response to one of Defendants' Facebook posts, a commenter named Travis Rodgers stated: "Shark Freestyle Watches should sue yall." Upon information and belief, Plaintiff has no relationship with Mr. Rodgers.



46. In view of the egregious nature of Defendants' actions, this is an exceptional case within the meaning of Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

## COUNT I:
## FEDERAL TRADEMARK INFRINGEMENT BY DEFENDANTS

47. Plaintiff repeats and realleges the allegations set forth above as if fully set forth herein.

48. The acts of Defendants complained of herein constitute trade dress infringement in violation of 15 U.S.C. § 1125(a). Defendants' use of the Freestyle Shark Trade Dress and/or colorable imitations thereof is likely to cause confusion, mistake, or deception as to the affiliation, connection, and/or association of Defendants with Plaintiff and as to the origin, sponsorship, and/or approval of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with Plaintiff.

49.	The Freestyle Shark Trade Dress is entitled to protection under the Lanham Act. The Freestyle Shark Trade Dress includes unique, inherently distinctive and non-functional designs. Plaintiff has extensively and continuously promoted and used the Freestyle Shark Trade Dress in commerce throughout the United States. Through that extensive and continuous use, the Freestyle Shark Trade Dress has become a well-known indicator of the origin and quality of Plaintiff's Shark watches. The Freestyle Shark Trade Dress has also acquired substantial secondary meaning in the marketplace. Moreover, the Freestyle Shark Trade Dress acquired this secondary meaning before Defendants commenced its unlawful use of the Freestyle Shark Trade Dress ess in connection with the infringing products.

50.	Plaintiff has been damaged by Defendants' unlawful use of the Freestyle Shark Trade Dress and, unless enjoined, Defendants' unlawful use of the Freestyle Shark Trade Dress will continue to cause substantial and irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law. The injury to Plaintiff includes at least substantial and irreparable injury to the goodwill and reputation for quality associated with Plaintiff, the Freestyle Shark Trade Dress, and Plaintiff's Shark watches.

51.	Defendants' use of the Freestyle Shark Trade Dress has been intentional, willful, and malicious. Defendants' bad faith is evidenced at least by the similarity of the infringing product design to the Freestyle Shark Trade Dress, as demonstrated above, and by Defendants' continuing disregard for Plaintiff's rights.

52.	Plaintiff is entitled to injunctive relief, and Plaintiff is entitled to recover at least Defendants' profits, Plaintiff's actual damages, enhanced damages/profits, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

## COUNT II:
## FEDERAL UNFAIR COMPETITION BY DEFENDANTS

53.   Plaintiff repeats and realleges the allegations above as if fully set forth herein.

54.   Defendants have used and continue to use the Freestyle Shark Trade Dress in commerce, on counterfeits, reproductions, copies, or colorable imitations thereof.

55.   The acts of Defendants complained of herein constitute trade dress infringement, false designations of origin, false or misleading descriptions or representations of fact on or in connection with goods or services, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

56.   Plaintiff has been damaged by Defendants' acts in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) complained of herein.

57.   The nature of Defendants' acts in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) complained of herein and/or Defendants' willfulness and bad faith, make this an exceptional case under 15 U.S.C. § 1117.

## COUNT III:
## TRADEMARK INFRINGEMENT UNDER THE COMMON LAW OF TEXAS BY DEFENDANTS

58.   Plaintiff repeats and realleges the allegations above as if fully set forth herein.

59.   The acts of Defendants complained of herein constitute infringement in violation of the common law of Texas.

60.   Plaintiff has been damaged by Defendants' acts of common law trademark infringement.

## IV.   COUNT IV:
## Texas Common Law Unfair Competition

61.   Plaintiff repeats the allegations above as if fully set forth herein.

11

62. The acts of Defendants complained of herein constitute trade dress infringement, false designations of origin, false advertising, and other unfair competition in violation of Texas common law.

63. Plaintiff has been and continues to be damaged by Defendants' conduct in an amount to be determined at trial.

64. Upon information and belief, Defendants' conduct is willful, deliberate, intentional and in bad faith.

65. By reason of the foregoing acts, Defendants have caused, and unless enjoined will continue to cause, irreparable harm to Plaintiff. Plaintiff has no adequate remedy at law to address these injuries.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests entry of judgment against Defendants as follows:

1. That Defendants violated 15 U.S.C. § 1125(a) and the Texas Common Law;

2. A determination that the case is "exceptional," under 15 U.S.C. § 1117(a).

3. Preliminarily and permanently enjoining and restraining Defendants, their affiliates, subsidiaries, related companies, and all those acting in concert or participation with them from:

    (a) using the Freestyle Shark Trade Dress or any trade dress that is confusingly similar to Plaintiff's trade dress on watches;

    (b) otherwise competing unfairly with Plaintiff in any manner, including, without limitation, unlawfully adopting or using any other designs that are likely to cause confusion with Plaintiff's trademarks.

    (c) committing any acts or making any statements calculated, or the reasonably foreseeable consequence of which would be, to infringe the Freestyle Shark Trade Dress, or to confuse, mislead, or deceive consumers

     as to the affiliation, connection, or association of Defendants with Plaintiff or as to the origin, sponsorship, or approval of Defendants' goods or commercial activities by Plaintiff; and

   (d) conspiring with, aiding, assisting or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a), (b), and (c) above;

4. That Defendants, their affiliates, subsidiaries, related companies, and all those acting in concert or participation with them be ordered to:

   (a) remove from all websites any depiction of references to watches containing the Freestyle Shark Trade Dress or any confusingly similar trade dress;

   (b) recall and destroy (or deliver to the Court for destruction) all products and packaging consisting of, involving, or related to the infringing watches and provide proof to the Court of the same; and

   (c) destroy (or deliver to the Court for destruction) any and all advertising or promotional or other materials pertaining to the infringing watches and all products utilizing the Freestyle Shark Trade Dress or any confusingly similar trade dress on watches, regardless of the medium on which such advertising, promotional, or other materials are contained and provide proof to the Court of the same;

5. That Defendants be required to file with this Court and serve upon Plaintiff within thirty (30) days after the entry and service on Defendants of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants complied with the injunction.

6. That Defendants be required to account for, and turn over to Plaintiff, all profits realized as a result of its infringement and other unlawful acts, such award of profits to be enhanced as the Court finds just under the circumstances of this case;

7. That Plaintiff be awarded its actual and/or statutory damages and Defendants' profits and that said damages/profits be trebled pursuant to 15 U.S.C. § 1117 or other applicable law based on Defendants' counterfeiting.

8. That Plaintiff be awarded its attorney's fees pursuant to 15 U.S.C. § 1117(a) or other applicable law;

9. That Plaintiff be awarded its costs of this action, and prejudgment and post-judgment interest;

10. That Plaintiff be awarded exemplary damages; and

11. That Plaintiff be granted such other and further relief, at law or in equity, as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(B) and 5(d), Plaintiff demands a jury trial of all issues triable by jury.

Date: <u>July 24, 2025</u>

**BROOKS KUSHMAN P.C.**

 /s/  Mark A. Cantor
Mark A. Cantor
150 W. Second Street, Suite 400N
Royal Oak, MI 48067
Tel: (248) 358-4400 / Fax: (248) 358-3351
Email:  mcantor@brookskushman.com

*Attorneys for Plaintiff*